MICHAEL E. BREWER, Bar No. 177912
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone:   925.932.2468
Facsimile:   925.946.9809
mbrewer@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
PACIFIC STEEL CASTING COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC STEEL CASTING COMPANY, and DOES 1 to XX,<br><br>　　　　　　　Defendant. | Case No.  C12-00353 NC<br><br>**DEFENDANT PACIFIC STEEL CASTING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND FOR FEES & COSTS**<br><br>Date:　March 14, 2012<br>Time:　9:00 a.m.<br>Room: Courtroom A, 15th Floor<br>U.S. Magistrate Judge Nathanael Cousins<br>Hearing Vacated By Order Of The Court |

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL AND FACTUAL BACKGROUND.......................................................... 2

III. ARGUMENT ....................................................................................................................... 3

    A. Claims Which Require The Court To Interpret a CBA Are Completely Preempted Under the LMRA ................................................................................... 3

        1. Even State Law Claims Are Completely Preempted If They Require Interpretation of a CBA ............................................................................... 3

        2. The Court Will Have To Review Oral Modifications To The CBA, as well As Parol Evidence, To Determine Whether Defendant Complied With Its Obligation to "Provide" Meal Periods .................................................. 4

    B. Pacific Steel and Plaintiff's Union Did Not "Bargain Around" The Meal Period Requirements ............................................................................................... 5

        1. Defendant Met Its Obligation to "Provide" Meal Periods ............................. 5

        2. Defendant Had To Negotiate With The Union, Not The Individual Employees ...................................................................................................... 7

    C. Even If The Court Grants The Motion to Remand, The Court Should Deny Plaintiff's Attorneys' Fees and Costs ....................................................................... 8

IV. CONCLUSION.................................................................................................................... 8

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND    i.    (No. C12-00353 NC)

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Allis-Chalmers Corp. v. Lueck*
    471 U.S. 202 .................................................................................................................... 4

*Brown v. FedEx Corp.*,
    249 F.R.D. 580, 585 (C.D. Cal. 2008) ............................................................................ 6

*Cappa v. Wiseman*,
    659 F.2d 957, 960 (9th Cir. 1981) .................................................................................. 4

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 .................................................................................................................... 4

*Cramer v. Consolidated Freightways, Inc.*,
    2555 F.3d 683 ................................................................................................................. 4

*Firestone v. So. Cal. Gas Co.*,
    219 F.3d 1063 ............................................................................................................ 1, 4

*Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*,
    463 U.S. 1 ....................................................................................................................... 1

*Lingle v. Norge Div. of Magic Chef, Inc.*,
    486 U.S. 399 .................................................................................................................... 4

*Marlo v. United Parcel Servs., Inc.*,
    2009 U.S. Dist. LEXIS 41948, *9 (C.D. Cal. May 5, 2009) ........................................... 6

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 .................................................................................................................... 8

*Medo Photo Supply Corp. v. NLRB*,
    321 U.S. 678 .................................................................................................................... 7

*Nguyen v. Baxter Healthcare Corp.*,
    2011 U.S. Dist. LEXIS 141135, *15-16 (C.D. Cal. Nov. 28, 2011) ............................... 6

*NLRB v. Walker Constr. Co.*,
    928 F.2d 695 ................................................................................................................... 7

*Pacific Northwest Bell Telephone Co. v. Comm. Workers of America*,
    310 F.2d 244 ................................................................................................................... 5

*United Steelworkers of America v. Rawson*,
    495 U.S. 362 .................................................................................................................... 1

*White v. Starbucks Corp.*,
    497 F. Supp. 2d 1080 ..................................................................................................... 6

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND   i.   (No. C12-00353 NC)

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*Wren v. RGIS Inventory Specialists,*
  256 F.R.D. 180, 208 (N.D. Cal. 2009) ............................................................................................ 6

**Statutes**

29 U.S.C. § 185(a) ............................................................................................................................ 1

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION
TO REMAND

ii.

(No. C12-00353 NC)

## I. INTRODUCTION

Plaintiff Roberto Rodriguez ("Plaintiff") filed a six-count claim against his former employer, Defendant Pacific Steel Casting Company ("Defendant" or "Pacific Steel") alleging that he was denied his statutory right to a meal period within five hours of the commencement of his shift. (First Amended Complaint ("FAC") ¶ 29(b)(1)). To determine whether Plaintiff is entitled to relief, the Court must determine whether Pacific Steel "provided" the requisite meal periods. Pacific Steel contends that it did in fact *provide* the requisite meal periods to Plaintiff by offering it to his Union representatives. Those Union representatives, at the behest of their members, rejected Pacific Steel's offer to provide a meal period within five hours of the start of each employees' shift. The Union and Pacific Steel therefore made an oral modification to their collective bargaining agreement ("CBA"), which provides for the timing of meal breaks. Thus, to determine whether Pacific Steel complied with the legal requirement to "provide" a meal period within five hours of the start of each employee's shift, the Court will have to examine the CBA, its oral modifications, and the history surrounding those modifications.

As explained in Pacific Steel's notice of removal, where the Court must interpret provisions of the CBA to determine whether Plaintiff is entitled to relief, the case is completely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). (Notice of Removal, Docket No. 1, ¶¶ 18-20). This is true even where the only claims pled are state law claims. *See United Steelworkers of America v. Rawson*, 495 U.S. 362, 371-72 (1990); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) ("The pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."); *Firestone v. So. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000) ("Congress intended to have the federal courts create a body of federal common law to be used to adjudicate disputes arising out of labor contracts.")

Plaintiff's motion to remand rests on two theories: (1) there are no federal claims raised in the FAC and therefore there can be no federal question jurisdiction; and (2) the right to a meal period cannot be bargained away by a Union and an employer and therefore the Court need not

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND     1     (No. C12-00353 NC)

look to the CBA to determine whether Pacific Steel "provided" the requisite meal periods. Neither of these assertions has any basis in law. The motion to remand should therefore be denied.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was a unionized employee who worked for Defendant's steel casting plant in Berkeley, California. (Notice of Removal ¶¶ 17, 19). The Union to which Plaintiff belonged has a CBA in place with Defendant which governs the employees' working conditions, wages, and conditions of employment, including the scheduling of meal periods. (Notice of Removal ¶ 19; Declaration of Ignacio De La Fuente ("De La Fuente Decl.") ¶ 4).

Defendant provided meal periods within five hours of the commencement of Plaintiff's shift and so advised the Union who represented Plaintiff and the putative class members. (Notice of Removal ¶¶ 18-20; De La Fuente Decl. ¶ 6). However, numerous employees complained to their Union representatives that the meal periods were too early (commencing at 10:00 a.m.), and therefore requested that the meal periods begin later in the day. (Id.) Some employees who worked the day shift then signed a petition requesting that their meal periods commence later than five hours after the start of their shifts. (De La Fuente Decl. ¶ 7). The Union then asked Pacific Steel to modify the CBA so that the employees on the day shift could commence their meal periods within 6.5 hours after the start of their shifts. (De La Fuente Decl. ¶ 8). The oral modification to the CBA was made solely at the Union's request to accommodate the wishes of its members for a later meal period. (Id.) Hence, Pacific Steel "provided" the meal periods within five hours of the start of the employees' shifts, but the employees—through their Union—rejected the offer and decided that they would take their meal periods 6.5 hours after the start of their shifts.

Plaintiff filed his Complaint in the Superior Court of California, County of Alameda, on December 23, 2011, and he filed the FAC on December 30, 2011. Plaintiff purports to allege six causes of action in the FAC: (1) Failure to Provide Meal and Rest Periods; (2) Failure to Provide Facilities for Securing, Heating and Consuming Meals; (3) Unlawful Failure to Pay Overtime Wages; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay Wages on Termination; and (6) Unfair Business Practices Under the Unfair Competition Act. With the exception of the Second Cause of Action, Plaintiff's claims can be reduced to a single sentence:

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND    2.    (No. C12-00353 NC)

Defendant failed to provide a meal period within five hours of the start of Plaintiff's shift. (FAC ¶¶ 29(b)(1), 44-53). Based on this central allegation, Plaintiff contends that he and the members of the purported class are entitled to a one hour penalty for delayed meal periods. (Id.) Plaintiff's other claims emanate from this cause of action for a delayed meal period. For instance, in the Fourth Cause of Action for Failure to Provide Accurate Itemized Wage Statements, Plaintiff contends that his wage statements are inaccurate because they failed to account for the one hour penalty afforded to employees who missed their meal periods. (FAC ¶¶ 84-89). Likewise, in the Fifth Cause of Action for Failure to Pay Wages on Termination, Plaintiff alleges that he was not paid all wages due to him upon termination because he was not paid for the one hour penalty for delayed meal periods. (FAC ¶¶ 91-94). Similarly, in the Sixth Cause of Action for Unfair Business Practices Under the Unfair Competition Act, Plaintiff contends that by failing to provide a meal period within five hours of the start of his shift, Defendant committed an unfair business practice. (FAC ¶¶ 95-99). In short, the bulk of Plaintiff's FAC alleges that he was denied a meal period within five hours of the start of his shift, and that various penalties and wages are therefore due to him.

On January 23, 2012, Defendant timely removed this case to this Court based on federal question jurisdiction because Plaintiff's claims are preempted by the LMRA. (Notice of Removal). Plaintiff filed the current motion to remand, which was scheduled to be heard on March 14, 2012, until the Court vacated the hearing date. (Docket Nos. 7, 19).

## III. ARGUMENT

### A. Claims Which Require The Court To Interpret a CBA Are Completely Preempted Under the LMRA.

#### 1. Even State Law Claims Are Completely Preempted If They Require Interpretation of a CBA.

The bulk of Plaintiff's motion to remand cites cases standing for the unremarkable proposition that under the "well pleaded complaint rule" the Plaintiff is the "master of the claim" for purposes of removal jurisdiction. (Docket No. 7, p. 3). As Plaintiff correctly notes, generally where only state law claims are raised, the federal courts lack federal question jurisdiction over the case based on anticipated defenses that rely on federal law. (Id.) However, even where solely state law claims are pled, the entire action is subject to preemption under the LMRA if application of state law

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND     3.     (No. C12-00353 NC)

requires the interpretation of a CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988); *Allis-Chalmers Corp. v. Lueck* 471 U.S. 202, 213 (1985). As the Ninth Circuit has explained, a "court's determination of whether a state law claim is preempted by § 301 'must focus . . . on whether [the state law claim] confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead whether evaluation of the [state law] claim is inextricably intertwined with consideration of the terms of the labor contract.'" *Firestone*, 219 F.3d at 1065, quoting, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

For LMRA preemption to apply, "[t]he need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Cramer v. Consolidated Freightways, Inc.*, 2555 F.3d 683, 691 (9th Cir. 2001). In this case it is clear that the need to interpret the CBA does "inhere in the nature of the plaintiff's claim" because the CBA, its oral modifications, and the negotiations surrounding those oral modifications will determine whether Pacific Steel complied with its duty to "provide" the requisite meal breaks. For this reason, the fact that only state law claims are pled is irrelevant. This Court has subject matter jurisdiction under the LMRA because the LMRA completely preempts the state law claims at issue because the Court cannot resolve those state law claims without interpreting the CBA. *Firestone*, 219 F.3d at 1065.

**2.  The Court Will Have To Review Oral Modifications To The CBA, as well As Parol Evidence, To Determine Whether Defendant Complied With Its Obligation to "Provide" Meal Periods.**

To determine what negotiations were made, whether the offer Pacific Steel made regarding meal periods satisfied their obligation to "provide" a meal period under the law, and whether the employees—through their Union—rejected this offer, the Court will need a detailed analysis of the oral and written terms of the CBA. Moreover, the Court will have to hear testimony regarding the circumstances surrounding the oral modifications to the CBA. *See Cappa v. Wiseman*, 659 F.2d 957, 960 (9th Cir. 1981) ("The district court was required to enforce the written **and oral terms** of the collective bargaining agreement, a matter over which the district court expressly is granted jurisdiction under section 301 . . . .") (emphasis added); *Cappa v. Wiseman*, 469 F. Supp. 437, 439 (N.D. Cal. 1979), *aff'd*, at 659 F.2d 957 (9th Cir. 1981) ("where the language of a collective bargaining agreement is ambiguous, parol evidence concerning the parties' intent and

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND    4.    (No. C12-00353 NC)

application of the agreement is properly allowed. Indeed, this Circuit has recognized the great difficulty of limiting collective bargaining agreements to their express terms.") (internal citations and quotations omitted); *See also*, *Pacific Northwest Bell Telephone Co. v. Comm. Workers of America*, 310 F.2d 244, 246 (9th Cir. 1962) ("Collective bargaining contracts by their very nature cannot fairly be limited to their express provisions.")

Because the Court will have to review the oral and written terms of the CBA, and review parol evidence to determine whether Plaintiff was "provided" the requisite meal periods, the Court has jurisdiction over this case under the LMRA. *Firestone*, 219 F.3d at 1065.

**B. Pacific Steel and Plaintiff's Union Did Not "Bargain Around" The Meal Period Requirements.**

**1. Defendant Met Its Obligation to "Provide" Meal Periods.**

Plaintiff's second argument in his motion to remand is that, even if Pacific Steel and the Union did agree to a later meal period, such an oral modification to the CBA would be void because it would violate public policy. (Docket No. 7, p. 7). Plaintiff argues: "Companies and Unions cannot 'agree' to break the law, so *EVEN IF* a collective bargain [sic] agreement were to purport to agree to waive the rights established for worker protection by the legislature of the State of California, it would be illegal and unenforceable, and require no 'interpretation' so as to conjure federal jurisdiction where none exists." (*Id.*)

Plaintiff misconstrues Defendant's argument.[1] Defendant is not arguing that it can be excused from its obligation to "provide" meal periods. Defendant is not arguing that it can contract around its duty to provide those meal periods within five hours of the start of the employees' shifts.

---

[1] Plaintiff's confusion likely stems from his erroneous belief that the change in meal times from five hours to 6.5 hours after the start of the employees' shifts was done to benefit Pacific Steel. However, it was not for Pacific Steel's benefit, but rather for the employees' benefit that the schedule was changed. (De La Fuente Decl. ¶¶ 4-8). It made no difference to Pacific Steel whether the meal periods commenced on the third hour, fifth hour, or seventh hour after the employees' began working. This is not a situation where Defendant benefitted from providing a later meal period to the employees and therefore negotiated with the Union to "provide" a later meal period in exchange for some other concession (such as higher wages). Rather, this is a situation where Defendant fully satisfied its obligation to "provide" a meal period within five hours, and the employees (through their Union representatives) rejected the offer. Plaintiff's attempt to cast aspersions on Pacific Steel's motives for changing the timing of meal periods, and the implication that Pacific Steel changed the meal period for some nefarious reason, is unfounded.

DEFENDANT'S OPPOSITION TO MOTION TO REMAND                5.                (No. C12-00353 NC)

1  Instead, Defendant is arguing that it did "provide" those meal periods and the Union opted to take a
2  later meal period. (Notice of Removal ¶¶ 18-20; De La Fuente Decl. ¶¶ 4-8).

3  As noted in the notice of removal, the duty to "provide" a meal period only
4  encompasses a duty to offer one, not to ensure that one is actually taken. Hence, Defendant satisfied
5  its obligation to "provide" a meal period by offering it to the Union, regardless of whether the
6  Union's members accepted or rejected the offer. *See White v. Starbucks Corp.*, 497 F. Supp. 2d
7  1080, 1088-89 (N.D. Cal. 2007) ("the court concludes that the California Supreme Court, if faced
8  with this issue, would require only that an employer *offer* meal breaks, without forcing employers
9  actively to ensure that workers are taking these breaks.") (emphasis in original); *See also*, *Nguyen v.
10 Baxter Healthcare Corp.*, 2011 U.S. Dist. LEXIS 141135, *15-16 (C.D. Cal. Nov. 28, 2011)
11 ("district courts within this circuit have largely interpreted the word 'provide' in these statutes to
12 mean that employers must make available meal breaks to employees, not ensure that employees take
13 them."); *Marlo v. United Parcel Servs., Inc.*, 2009 U.S. Dist. LEXIS 41948, *9 (C.D. Cal. May 5,
14 2009) (the meal break provisions "require that employers make meal periods *available* to employees,
15 but place them under no further obligations.") (emphasis in original); *Wren v. RGIS Inventory
16 Specialists*, 256 F.R.D. 180, 208 (N.D. Cal. 2009) (concluding that "under California law an
17 employer must offer meal breaks but is not required to force employees to take them"); *Brown v.
18 FedEx Corp.*, 249 F.R.D. 580, 585 (C.D. Cal. 2008) ("The word 'provide' means 'to supply or make
19 available' . . . It does not suggest any obligation to ensure that employees take advantage of what is
20 made available to them.") (internal citation omitted).

21 The rationale behind these cases is clear: the California legislature wants to ensure
22 that employees are provided the option to take a meal period within five hours of the start of their
23 shifts. However, there is no public policy that is served by forcing employees to take an earlier meal
24 period than they desire. That is why the statute only requires that the employer offer to "provide" a
25 meal period within five hours, not that the employer ensure that a meal break is taken at that time
26 whether the employee wants it or not. *See White, 497 F. Supp. 2d at 1088-89; Nguyen, 2011 U.S.
27 Dist. LEXIS 141135, at *15-16; Marlo, 2009 U.S. Dist. LEXIS 41948, at *9; Wren, 256 F.R.D. at
28 208; Brown, 249 F.R.D. at 585.*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND   6.   (No. C12-00353 NC)

Pacific Steel provided the meal periods within five hours of the start of the employees' shifts. The employees did not want it and told their Union to change the timing of their meal periods. (De La Fuente Decl. ¶¶ 4-8). Accommodating the employees' request for a later meal period than the one originally provided does not violate public policy, the statute, or the law. No reasonable person can conclude that allowing employees to take a later meal period than the one provided is an attempt "to waive the rights established for worker protection by the legislature of the State of California." (Docket No. 7, p. 7).

### 2. Defendant Had To Negotiate With The Union, Not The Individual Employees.

In a non-unionized setting, the employer could negotiate directly with each employee and offer to provide them a meal period within five hours and allow the employee to accept or reject the offer. However, because Pacific Steel is unionized, the company representatives cannot negotiate directly with each employee, but rather must negotiate with the Union representatives. *See Medo Photo Supply Corp. v. NLRB*, 321 U.S. 678, 684 (1944) ("it is a violation of the essential principle of collective bargaining . . . for the employer to disregard the bargaining representative by negotiating with individual employees, whether a majority or minority, with respect to wages, hours and working conditions"); *See also*, *NLRB v. Walker Constr. Co.*, 928 F.2d 695, 697 (5th Cir. 1991) (quoting *Medo Photo*, 321 U.S. at 684, and stating that "[b]ypassing the Union and announcing changes directly to employees places the employer in the position of making choices for the employees which should be made via the bargaining representative") (further quotations omitted).

Because Pacific Steel cannot negotiate directly with the employees, the company can only "provide" meal periods through the CBA, and can only offer them to the Union representatives who act on behalf of the employees. *Id*. Pacific Steel negotiated with the Union, and, at the Union's request, agreed to an oral modification of the CBA to allow employees to take a meal period 6.5 hours after the start of their shifts. (De La Fuente Decl. ¶¶ 4-8). Pacific Steel therefore satisfied its obligation to "provide" meal periods within five hours of the start of the employees' shifts. Pacific Steel is not liable for failure to provide the requisite meal periods simply because the employees, through their Union representatives, rejected the offer. *See White*, 497 F. Supp. 2d at 1088-89;

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND   7.   (No. C12-00353 NC)

*Nguyen*, 2011 U.S. Dist. LEXIS 141135, at *15-16; *Marlo*, 2009 U.S. Dist. LEXIS 41948, at *9; *Wren*, 256 F.R.D. at 208; *Brown*, 249 F.R.D. at 585.

### C. Even If The Court Grants The Motion to Remand, The Court Should Deny Plaintiff's Attorneys' Fees and Costs.

Even if this Court grants the motion to remand, the Court should deny Plaintiff's requests for attorneys' fees and costs. Section 1447(c) provides that a remand order "may" require payment of attorneys' fees, not that it shall or that it should. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). As a unanimous Supreme Court explained, "[b]y enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious. But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Id* at 140 (internal citations and quotations omitted). The Court concluded that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id* at 141.

As explained above, the Court should deny the motion to remand because the Court will have to interpret the CBA to determine whether Plaintiff is entitled to relief—thus, the Court clearly has jurisdiction under the LMRA. However, even if this Court disagrees that it has jurisdiction over this case, the basis for removal was objectively reasonable and therefore no fees or costs should be awarded to Plaintiff even if the case is remanded. *See Id*.[2]

## IV. CONCLUSION

The Court should deny the motion to remand. The Court will not be able to determine Plaintiff's primary claim for delayed meal periods without interpreting the terms of a CBA and therefore this Court has jurisdiction under the LMRA. Even if the Court grants the motion

---

[2] Even if the Court grants the motion to remand, and awards attorneys' fees, further briefing should be ordered on the appropriate amount of those fees. Plaintiff's request for almost $10,000 to file a 10 page motion to remand is patently unreasonable.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND    8.    (No. C12-00353 NC)

to remand, costs and fees should be denied because Defendant had an objectively reasonable basis to remove the case to this Court.

Dated: February 13, 2012

                                              /S/ *Tarun Mehta*
                                              Michael E. Brewer
                                              Anne-Marie Waggoner
                                              Tarun Mehta
                                              LITTLER MENDELSON, P.C.
                                              A Professional Corporation
                                              Attorneys for Defendant
                                              PACIFIC STEEL CASTING COMPANY

Firmwide:109252730.1 003708.1101

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO MOTION TO REMAND      9.      (No. C12-00353 NC)